JOHN F. PURCELL, Respondent, *v.* DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, Appellant, and BARTLETT-HAYWOOD COMPANY, Defendant.

*Master and servant — negligence — when accident not caused by master.*

Appeal by the defendant, Delaware, Lackawanna and Western Railroad Company, from a judgment of the Supreme Court, entered in the office of the clerk of Onondaga county on December 29, 1916, in favor of the plaintiff and against said defendant for the sum of $610.57 damages and costs, and also from an order entered in said clerk's office January 22, 1917, granting the plaintiff's motion for a general verdict and denying the motions of said defendant to set aside the findings and for a new trial.

KRUSE, P. J.: The plaintiff was injured by jumping from a truck to avoid being hit by a bundle of steel sheets or plates which was being loaded on the truck from a railroad car by means of a crane. The plaintiff claims that the sheets were slipping and tilting, and that he had good reason to believe he would be hit unless he jumped. He further contends that the craneman was careless in operating the crane, and that the clamps which held the sheets as they were being moved from the car to the truck were not suitable for the purpose. He was employed by the Brazee Trucking Company as teamster and assisted on the truck in the work of loading the sheets on the truck. The crane was a stationary crane owned by the railroad company and used in unloading heavy freight. The craneman was an employee of the railroad company. The trial judge submitted eight separate questions to the jury, and upon the answers returned thereto directed a general verdict. The jury specifically found that the craneman was not negligent in the management of the crane, and that his negligence did not cause the accident to the plaintiff, but that the clamps were unsafe and unsuitable for the purpose for which they were used, and that the accident was caused by reason thereof. In view of these findings I am of the opinion that the trial court erred in directing a general verdict for the plaintiff. He was not an employee of the railroad company, but of the trucking company. Neither were the clamps furnished by the railroad company, but by the trucking company, as a special appliance for unloading the freight. Under these circumstances I am unable to see any ground for holding the railroad company liable for the plaintiff's injuries. It is true the jury have also found, in answer to one of the questions, that the accident was caused partially by the defective clamps and partially by the negligence of Huber. But so far as this finding imputes negligence to Huber, it is entirely inconsistent with the other findings and affords no sufficient basis for sustaining the direction of a general verdict based upon Huber's negligence. The judgment and order should be reversed and a new trial granted, with costs to the appellant to abide the event. All concurred. Judgment and order reversed and new trial granted, with costs to appellant to abide event.